**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria E. Barraza, et al., | No. CV16-01374-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| C. R. Bard Inc., and Bard Peripheral Vascular Inc., | |
| Defendants. | |

On September 11, 2017, the Court denied Plaintiffs' motion for class certification. *See* Doc. 95. At a subsequent status conference, Plaintiffs requested an opportunity to file a second motion for class certification. The Court directed the parties to file memoranda on that issue, which they did (Docs. 99, 100), and held a follow-up telephone conference with the parties on November 2, 2017. For the following reasons, the Court will deny Plaintiffs' request.

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Plaintiffs cite this rule, and note that trial courts have broad discretion to reconsider class certification decisions. *See Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001) (Rule 23 "confers broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."). This discretion cuts both ways. As the Second Circuit has noted, district courts "have ample discretion to consider (or

decline to consider) a revised class certification motion after initial denial." *In re Initial Public Offering SEC. Litig.*, 483 F.3d 70, 73 (2nd Cir. 2007).

Plaintiffs have had ample opportunity to formulate and reformulate their proposed class action. Plaintiffs filed their initial class complaint on May 5, 2016. Doc. 1. With leave of court, Plaintiffs filed an amended class complaint on October 4, 2016, adding a new class representative. Doc. 27. Plaintiffs filed another amended class complaint on January 12, 2017, adding another class representative. Doc. 36. Plaintiffs moved again to amend their complaint on January 13, 2017 (Doc. 38), but withdrew this motion one month later (Doc. 43). Plaintiffs were permitted to designate yet another class representative on May 20, 2017. Doc. 51. Plaintiffs filed a further motion to amend their complaint with their class certification motion. Doc. 57. This amendment sought to revise the medical monitoring remedy Plaintiffs seek in this case. The Court permitted the amendment. Doc. 95. Thus, Plaintiffs revised their class complaint multiple times, naming new class representatives and refining the requested remedy. The Court held at least five telephone conferences with the parties as Plaintiffs worked through these various iterations. *See* Docs. 41, 42, 43, 45, 59.

Additionally, Plaintiffs' modification of their class proposal was not limited to these amendments – they made more modifications during the class certification process. Plaintiffs' motion to certify, filed after almost a year of class-related discovery and expert disclosures (Doc. 22), recognized that 16 states permit claims for medical monitoring (Doc. 54). Plaintiffs sought to certify a single class that included all Bard filter recipients in all of those states:

> The proposed class is defined to include all individuals in the 16 jurisdictions that allow medical monitoring without manifest physical injury, who have been implanted with a Bard Retrievable Filter since July 25, 2013 (the date Bard received clearance to market the first of its filters as retrievable) to the present, who have not had their filters removed (and are at least ninety days post-implant), and who have not filed a personal injury lawsuit concerning their Bard filter.

Doc. 54-1 at 21.

Plaintiffs changed course at the class certification hearing. Their counsel stated that Plaintiffs no longer were seeking certification of a single class for all 16 states, but instead were seeking certification of 16 separate classes, one for each state. Doc. 94 at 50-51. When it was noted that five of the 16 states had no class representative, Plaintiffs' counsel argued that the Court could certify classes for these five states without a class representative. *Id*. at 74. When the Court noted that Rule 23(a) cannot be satisfied without a class representative, Plaintiffs changed tack again, stating that "[w]e are only asking that you certify the states at this time where we have identified a rep. If the Court does certify those states, we would ask for leave to add additional reps in the states that don't have reps at the moment." *Id*. at 74-75. This was the proposal addressed in the Court's September 11, 2017 order. Doc. 95.

The Court denied Plaintiffs' proposal to add new class representatives for the five states that lacked representatives:

> The Court will not allow Plaintiffs to amend their complaint to name class representatives for the five proposed classes that lack named plaintiffs. Plaintiffs had months to seek such amendments, and did in fact change named Plaintiffs several times. Adding new Plaintiffs now would require the class discovery period (*see* Doc. 22) to start over, would prejudice Defendants, and would thwart the schedule the Court has sought to follow in this case and the related MDL.

*Id*. at 4 n. 4.

Thus, Plaintiffs have not been limited to a single opportunity to craft their proposed class or classes. Their complaint went through at least four iterations (Docs. 1, 27, 35, 96), and Plaintiffs proposed three different variations of the classes during the certification process: a single class for all states, 16 separate state classes, and 11 classes for the states with named Plaintiffs.

Plaintiffs now propose an entirely new approach. They seek to certify a single class limited to recipients of the Bard G2 filter in Florida, and suggest that the Court adopt "a bellwether-class procedure [that] allows the parties and the court to focus pre-trial and trial efforts (other than discovery) on the claims arising under a single state law, *before turning to litigation of the many other states at issue in this case*." Doc. 99 at 6

1    (emphasis added). In other words, Plaintiffs ask the Court to abandon the approach

2    pursued from the outset of this case (with the agreement of the parties), certify a narrow

3    class for one filter in one state, and subsequently address similar classes from other states.

4           This proposal clearly is not workable. Plaintiffs presently have only one class

5    representative for each of the 11 states, and each representative has only one kind of Bard

6    filter. These representatives could not represent separate classes of persons in their states

7    who have different kinds of filters, and the Court has already ruled that it will not permit

8    the addition of new named Plaintiffs at this late stage of the litigation. And if Plaintiffs

9    propose to use the existing Plaintiffs to assert separate classes for each of the filters in

10   each of the 11 states, then the Court would be confronted with scores of potential class

11   actions. Plaintiffs' counsel argued during the November 2, 2017 hearing that they would

12   no more seek to try all classes before this Court than they will seek to try all 3,100 cases

13   in the MDL before this Court, but there is a fundamental difference between this case and

14   the MDL. Cases in the MDL have been transferred to this Court from other courts, and

15   will be transferred back to their original courts if settlement is not reached after the

16   bellwether trials. This case, by contrast, was filed here and will remain here until

17   concluded. The Court has no choice but to address all claims in this case, and addressing

18   them through Plaintiffs' proposed bellwether-class procedure will lead inevitably to

19   numerous, repeated class certification battles if the case does not settle.

20          It is far too late in the litigation to be proposing such a radical change in

21   procedure. For more than a year, the parties have pursued Plaintiffs' proposed litigation

22   of strategy of conducting discovery and filing a single motion to certify. Doc. 22. The

23   Court scheduled that strategy to run parallel with the MDL proceeding. The objective

24   was to reach the class certification stage in this case at the same time that motions for

25   summary judgment and *Daubert* motions would be filed in the MDL cases. Docs. 28, 30.

26   That point has arrived: discovery in both proceedings has been completed, bellwether

27   trials in the MDL have been scheduled, and the parties have filed the motion for class

28   certification in this case and the summary judgment and *Daubert* motions in the MDL.

This is not the time to adopt an entirely new bellwether-class procedure, raised for the first time only after the Court denied class certification.

In addition to the ample opportunity Plaintiffs have had to fashion their class strategy, the Court finds no new circumstances that warrant another class certification motion. "Reconsideration of an original class ruling typically occurs as a result of a change in circumstances," and "'[i]n the absence of materially changed or clarified circumstances . . . courts should not condone a series of re-arguments on the class issue by either the proponent or the opponent of the class.'" *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (quoting Newberg on Class Actions § 7:47). Plaintiffs have identified no changed circumstances that warrant a second motion for class certification.

Finally, Plaintiffs argued during the November 2, 2017 conference that this case remains alive and must be resolved in some way. True, but this case without class certification consists of 11 Plaintiffs. The Court will ask the parties to propose a course for resolving their claims.

**IT IS ORDERED:**

1. Plaintiffs' request to file a second motion for class certification (Doc. 99) is **denied.**

2. On or before **November 21, 2017**, the parties shall file a joint proposal regarding the future litigation of this case.


Dated this 3rd day of November, 2017.


_____
David G. Campbell
United States District Judge

- 5 -